IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CAROLEAN LEGETTE *et al.*, | : | |
| Plaintiffs, | : | Civil No. 23-22622 (RBK/AMD) |
| v. | : | |
| | : | **OPINION** |
| TEXAS ROADHOUSE, INC. *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Texas Roadhouse Holdings LLC's ("Defendant") Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) (the "Motion" or "Mot."). (ECF No. 5). For the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Procedural Background

Plaintiffs Carolean Legette and her husband Darrell Legette (the "Plaintiffs") filed their Complaint in the Superior Court of New Jersey, Atlantic County, on October 25, 2023. (ECF No. 7 at 10–20).[1] On November 24, 2023, Defendant filed a Notice of Removal to the United States District Court for the District of New Jersey, (ECF No. 1), which was amended on December 15,

---

[1] The Complaint named as Defendants Texas Roadhouse, Inc.; Wolfson Group Incorporated; John Doe, Mary Doe; ABC Partnerships; and XYZ Corporations. (*Id.* at 14). Texas Roadhouse Holdings LLC was not named in the Complaint. However, counsel for Texas Roadhouse Holdings LLC has represented that Texas Roadhouse, Inc., is the sole manager of Texas Roadhouse Holdings LLC, (*Id.* at 3, 24), and has proceeded as though Texas Roadhouse Holdings LLC is a proper defendant in this case. To date, Plaintiffs have not objected to the inclusion of Texas Roadhouse Holdings LLC. Therefore, the Court will treat Texas Roadhouse Holdings LLC as a proper defendant and rule on the merits of its Motion.

1

2023, to properly assert jurisdiction. (ECF No. 7). Prior to answering the Complaint, Defendant filed the present Motion on December 8, 2023. Plaintiffs did not oppose the Motion.

### B. Factual Background

Plaintiffs allege that Mrs. Legette fell on November 2, 2021, when walking in a parking area belonging to Texas Roadhouse, Inc., in Egg Harbor, New Jersey. (*Id*. at 14–15).[2] Due to "a dangerous condition existing on the premises" and Defendants' negligence, Ms. Legette claims she suffered injuries that required medical treatment, incurred medical expenses, and now has permanent disabilities. (*Id*. at 15–16). For his part, Mr. Legette claims he suffered the loss, services, and consortium of his wife. (*Id*. at 17). Plaintiffs seek damages related to the alleged injuries, legal costs, and other relief. (*Id*. at 16–17).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Further, "[t]he motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*. "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003).

The core concern of a motion under Rule 12(e) is whether the Complaint gives a defendant the notice required by Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 590 n.9 (2007) (Stevens, J., dissenting) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement."). The prevailing standard used by district courts in the Third Circuit is to

---

[2] Citations to page numbers throughout the Opinion correspond to those assigned by ECF.

grant such a motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Clark*, 213 F.R.D. at 232–33 (internal quotation marks and citation omitted). This standard has been met where:

> (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; [(2)] the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good-faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery.

*Lasky v. Evesham Owner LLC*, 2014 WL 2710969, at *2 (D.N.J. June 16, 2014).

However, "[i]t is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citation omitted). "The basis for granting such a motion is unintelligibility, not lack of detail." *Id.* (citation omitted). "Because there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." *Gittens v. Experian Info. Sols., Inc.*, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014) (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendant argues that its Motion should be granted because "Plaintiffs' Complaint fails to provide factual support for a prima facie case of negligence against Defendant which is required under the Federal Rules." (Mot. 4). Defendant continues: "Plaintiffs fail to set forth any factual allegations to support a claim of how Plaintiff was caused to fall due to the alleged negligence of Defendants. There are no factual allegations regarding the alleged defect, or the

3

alleged injuries sustained due to the alleged defect." (*Id*.). Defendant also argues that Plaintiffs must "plead more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." (*Id*. at 5).³ Finally, Defendant asserts that it cannot adequately respond to the Complaint given the Complaint's factual ambiguity. (*Id*.).

Although the Complaint is sparse on detail, that alone is not a sufficient basis for the Court to grant Defendant's Motion. *See MK Strategies, LLC*, 567 F. Supp. 2d at 737 ("The basis for granting such a motion is unintelligibility, not lack of detail."). Defendant's arguments that the Complaint fails to make out a prima facie case of negligence and lacks sufficient factual allegations are more appropriate for a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).⁴ Due to the difference in the standards of review for motions under Rule 12(b)(6) versus Rule 12(e), "an implausible claim may well be stated intelligibly enough to enable the framing of a response, and a plausible claim, which would survive a Rule 12(b)(6) motion, may be pleaded vaguely enough to make response impossible, which would make it vulnerable to a Rule 12(e) motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2023).

Here, the Court finds that the Complaint is intelligible enough to provide Defendant adequate notice of the basis for Plaintiffs' claims and thus to survive Defendant's Motion. None of the circumstances laid out in *Lasky* as to when a Rule 12(e) motion is appropriate, *see* 2014 WL 2710969, at *2, are present here to such a degree that granting the Motion would be of the

---

³ Defendant attributes that quotation to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but the quotation does not appear there. Rather, this language seems to paraphrase a passage in *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).
⁴ The Court makes no representation about the likely success of a potential 12(b)(6) motion.

"strictest necessity." *See Gittens*, 2014 WL 1744851, at *2. First, Defendant has not represented that the Complaint's lack of detail will prevent it from interposing a waivable defense in its answer. Second, Defendant has not persuaded the Court that it cannot answer the Complaint with a good-faith, general denial of negligence even if it does not know the specific cause or nature of Plaintiff's alleged injuries. Third, the Complaint is not the type of "shotgun" pleading that is particularly susceptible to a 12(e) motion. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (characterizing four archetypes of shotgun pleadings, none of which is present here). If Defendant requires more specific information from Plaintiff to mount its defense, it may take advantage of the various procedural tools available to it during discovery.

**IV.   CONCLUSION**

For the reasons set forth above, Defendant's Motion for a More Definite Statement (ECF No. 5) is **DENIED**. An appropriate Order follows.


Dated:   January 5, 2024                                         /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge